IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-01748-REB-KMT

KENT STALNAKER, and
DEBBIE STALNAKER, as class representatives on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

THE ALLSTATE CORPORATION,
ALLSTATE INSURANCE COMPANY,
ALLSTATE TEXAS LLOYD'S,
ALLSTATE TEXAS LLOYD'S, INC.,
ALLSTATE FLORIDIAN INSURANCE COMPANY,
ALLSTATE FLORIDIAN INDEMNITY COMPANY,
ALLSTATE NEW JERSEY INSURANCE COMPANY,
ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,
ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,
ALLSTATE INDEMNITY COMPANY,
ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS,
ENCOMPASS INSURANCE COMPANY OF NEW JERSEY,
ENCOMPASS INDEMNITY COMPANY,
ENCOMPASS INSURANCE COMPANY OF AMERICA,
ENCOMPASS HOME AND AUTO INSURANCE COMPANY,
ENCOMPASS PROPERTY AND CASUALTY COMPANY,
ENCOMPASS INSURANCE COMPANY, and the joint enterprise known as "Allstate" and its John doe Affiliates Issuing Residential Property Insurance Policies in the United States,

    Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

**Blackburn, J.**

This matter is before me on the **Plaintiffs' Motion to Remand** [#48], filed September 17, 2007. The defendants filed a response and the plaintiffs filed a reply. The motion is granted.

## I. BACKGROUND

This case originated with the filing of the plaintiffs' class action complaint [#1-7][1] on June 29, 2004. The complaint was filed in the District Court for El Paso County, Colorado, under case number 04CV2628. In general terms, the proposed plaintiff class includes all Allstate insureds who have or had Allstate homeowners' insurance policies that provide coverage for mold, fungus, wet rot, or dry rot remediation (Mold Claims) and that contain certain other provisions. The plaintiffs claim that Allstate failed to handle properly numerous Mold Claims. *Original Complaint*, ¶¶ 38 - 39. The plaintiffs seek an inunction prohibiting Allstate from continuing the challenged claims handling procedures, and they seek damages for Allstate insureds who have made Mold Claims and whose claims were handled improperly, as alleged in the complaint. The original complaint and the plaintiffs' first amended complaint named two defendants, Allstate Insurance Company and Allstate Corporation.

After substantial discovery and numerous discovery disputes, the plaintiffs concluded that various Allstate subsidiaries or affiliates, in addition to defendant Allstate Insurance Company, had issued homeowners' insurance policies that include mold coverage to some members of the proposed plaintiff class. On or about May 29, 2007, the plaintiffs filed a motion for leave to file a second amended class action complaint (SAC) [#8], which motion was briefed fully. On July 18, 2007, the state court entered an order [#1-243] granting the plaintiffs' motion to file the SAC. On July 27, 2007, the state court entered a Supplemental Case Management Order [#1-250] which provided in part that on or before July 27, 2007, Allstate was "to provide Plaintiffs all information

---

[1] The notice of removal [#1] filed in this case includes 265 attachments. Most of the attachments are documents filed in the state court. I will refer to those documents by the attachment number assigned to them by this court's CM/ECF system , e.g. [#1-100].

2

regarding the Allstate affiliates that sold since 2002 through present residential insurance policies in each of the 50 states." That order provided also that the plaintiffs were to file their SAC on August 3, 2007. The SAC [#1-251] was filed in state court on August 3, 2007.

The plaintiffs allege in their SAC [#1-251] that defendant, The Allstate Corporation, owns and controls defendant, Allstate Insurance Company, and numerous Allstate subsidiaries or affiliates. Each of the additional defendants named in the SAC is alleged to be an Allstate subsidiary or affiliate that issued to members of the proposed plaintiff class homeowners' insurance policies that include mold coverage. The subsidiaries or affiliates are alleged to be owned and controlled by The Allstate Corporation and / or Allstate Insurance Company. The plaintiffs argued in their motion for leave to file the SAC that the claims against the newly named Allstate subsidiaries or affiliates relate back to the filing of the original complaint. The state court did not address this issue specifically in its order [#1-243] granting the plaintiffs' motion to file the SAC. Shortly after the SAC was flied, the defendants filed a notice of removal [#1] in this court, asserting that this court has jurisdiction over the plaintiffs' claims and that removal to this court is proper.

## II. STANDARD OF REVIEW & BURDEN OF PROOF

Removal statutes are narrowly construed, and there is a presumption against removal jurisdiction. ***Pritchett v. Office Depot, Inc.***, 420 F.3d 1090, 1094 - 1095 (10th Cir. 2005). The defendants, as the parties seeking removal, have the burden of proving that federal jurisdiction is proper. ***Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit***, 874 F.2d 332, 339 (6th Cir. 1989); ***Plog v. Colorado Ass. of Soil Conservation Districts***, 841 F. Supp. 350, 352 (D.

3

Colo. 1993). I agree with the burden of proof analysis outlined by the court in *Prime Care of Northeast Kansas, LLC v. Blue Cross and Blue Shield of Kansas City, Inc.*, 2006 WL 2734469 (D. Kan. 2006) (unreported). The *Prime Care* court concluded that when the relation back of claims asserted against a newly added defendant controls the applicability of the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, the party seeking removal bears the burden of proof on the relation back issue. *Id*. at *1 n. 5. This case presents essentially the same issues as were presented in *Prime Care*, and I allocate the burden of proof to the defendants for the reasons stated by the *Prime Care* court. However, on the current record, I would reach the same conclusions even if the plaintiffs bore the burden of proof. Of course, if the defendants demonstrate that removal jurisdiction in federal court is proper, I cannot decline to exercise jurisdiction.

### III. CLASS ACTION FAIRNESS ACT

Shortly after the SAC was filed, the defendants filed a notice of removal [#1] in this court. The defendants assert that this action may be removed to this court under 28 U.S.C. §§ 1441(a), 1453, 1446, and 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109 -2, 119 Stat. 4 (CAFA). The CAFA amended, *inter alia*, the diversity jurisdiction statute, 28 U.S.C. § 1332, to provide that diversity is established when any member of a class of plaintiffs is a citizen of a state different from any defendant, and to permit the aggregation of class members' claims to determine whether there is the requisite amount in controversy in excess of $5,000,000. Pub. L. No. 109 -2, 119 Stat. 4; *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 898 n. 4 (10th Cir. 2006). However, the CAFA applies only to civil actions commenced on or after its effective date, which was February 18, 2005. *Pritchett v.*

4

*Office Depot, Inc.*, 420 F3d 1090, 1094 (10th Cir. 2005) (citing 119 Stat. at 14).

The original complaint in this case was filed on June 29, 2004, before the effective date of the CAFA. The defendants claim that the plaintiffs' addition of new defendants in the SAC, filed August 3, 2007, constitutes the commencement of a new action for the purpose of removal to federal court under the CAFA. The plaintiffs argue that this case is not subject to removal under the CAFA because the claims asserted against the new defendants in the SAC relate back to the filing of the original complaint, and, thus, the addition of the new defendants does not constitute the commencement of a new action for the purposes of the CAFA. If the CAFA is not applicable to this case, then this case is not otherwise subject to removal jurisdiction in federal court.

Precisely when an action is commenced for the purpose of the CAFA has been a matter of some dispute. Recently, the United States Court of Appeals for the Tenth Circuit examined this question in *Prime Care of Northeast Kansas, LLC v. Humana Insurance Co*., 447 F.3d 1284 (10th Cir. 2006). In *Prime Care*, the court examined "whether CAFA permits the removal of a class action filed before the Act's effective date if the removing defendant was first added by amendment after the effective date." *Id*. at 1284. The initial complaint in *Prime Care* was filed in state court on February 14, 2005, four days before the effective date of the CAFA. *Id*. On April 22, 2005, the state court granted the plaintiffs permission to file a fifth amended complaint that named Humana as a defendant for the first time. *Id*. The trial court held specifically that the amended complaint related back to the initial filing date. *Id*. Humana then sought to remove the case to federal court under CAFA, arguing that its addition as a defendant on April 22, 2005, constituted the commencement of a new action against it on that date. After examining competing approaches to the question, the Tenth Circuit held

5

that "whether a post-CAFA amendment triggers a substantive right of removal under CAFA by the affected parties depends on whether the amendment relates back to the pre-CAFA pleading that is being amended." *Id*. at 1289.

## IV. RELATION BACK

When the relation back of a claim first asserted in state court affects the viability of a subsequent removal to federal court, the prevailing view is that the relation back issue should be determined under state law. **See Prime Care**, 447 F.3d at 1289 n. 6. I conclude that relation back is determined under state law in the context of this case. Relation back is governed by rule 15(c) of the Colorado Rules of Civil Procedure, which provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment: (1) Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

C.R.C.P. 15 (c).

In this case, there is no question that the claims asserted against the newly named defendants arose out of the conduct, transactions, or occurrences set forth in the original pleading. The claims in each iteration of the complaint all concern homeowners' insurance policies that include coverage for mold claims and that were issued by Allstate Insurance Company or, as alleged in the SAC, an Allstate subsidiary or affiliate. The major change in the SAC is the contention that several affiliates or subsidiaries that are owned and controlled by Allstate, in addition to the Allstate

6

Insurance Company, issued policies that are the subject of the plaintiffs' claims. The defendants contend that the claims against the newly named defendants do not relate back under C.R.C.P. 15, because the plaintiffs cannot demonstrate that 1) the plaintiffs made a mistake concerning the identities of the proper parties; and 2) the newly named defendants knew or should have known that, but for such a mistake by the plaintiffs, the action would have been brought against them. I disagree.

I have reviewed carefully the arguments advanced and the authorities cited by the parties, as well as the relevant portions of the state court record cited by the parties. Based on that review, I reach the following conclusions.

**A. The plaintiffs made a mistake concerning the identity of the proper parties for some aspects of the plaintiffs' proposed class action.** "When a mistake of identity is at issue [under rule 15(c)], the main focus is on whether the pleader was aware of the proper party to sue, not whether the pleader knew the party existed." ***Trigg v. State Farm Mut. Auto. Ins. Co.***, 129 P.3d 1099, 1103 (Colo.App. 2005).

> Fed.R.Civ.P. 15(c) was intended to protect a plaintiff who mistakenly names a party and then discovers, after the relevant statute of limitations has run, the identity of the proper party. However, the rule was not intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential defendant who has not been served, nor was it intended to permit a plaintiff to engage in piecemeal litigation.
>
> A plaintiff's tactical decision to pursue a particular defendant in lieu of another, with full knowledge of all potential defendants, does not constitute a "mistake" within the meaning of Fed.R.Civ.P. 15(c)(3)(B). However, an assertion that the plaintiff did not know the true facts concerning the manufacturer of an allegedly defective product may qualify as a mistake.

***Gadlin v. Metrex Research Corp.***, 76 P.3d 928, 932 (Colo.App. 2003) (citations omitted) (applying Fed.R.Civ.P. 15(c), but noting that the result likely would be the

7

same under C.R.C.P. 15).

In this case, for the plaintiffs to be aware of the proper party to sue, the plaintiffs had to be aware that the party existed, that the party was tied to Allstate Corporation or Allstate Insurance Company, and that the party issued homeowner's policies with mold coverage. Notably, the record of discovery proceedings cited by the plaintiffs makes clear that Allstate provided in discovery erroneous and inaccurate information about the Allstate entities that issued relevant policies in the states of Florida, Texas, New Jersey, and Massachusetts. Once the plaintiffs obtained accurate information about the Allstate subsidiaries or affiliates that had issued policies in these states, the plaintiffs sought to amend the complaint to add these Allstate subsidiaries or affiliates as defendants.

Further, the record supports the plaintiffs' contention that they made a similar mistake about the identity of Allstate subsidiaries or affiliates in other states, which subsidiaries or affiliates also had issued policies that are the subject of the plaintiffs' claims. The plaintiffs assert that both Allstate Insurance Company and one or more of these Allstate subsidiaries issued policies in some states. On balance, the record supports the plaintiffs' claim that they did not have sufficient information concerning the existence of these Allstate subsidiaries or affiliates and their role in issuing relevant policies until Allstate was required by the state court to provide to the plaintiffs information about the Allstate affiliates in each of the 50 states. The defendants cite sources of information from which the plaintiffs could have discerned the existence of some of the newly named defendants. However, the defendants do not cite sources of information from which the plaintiffs could have determined earlier that a large group of Allstate subsidiaries or affiliates was involved in the issuance of the type of insurance

8

policies that are the subject of the plaintiffs' complaints.

On balance, I conclude that the record does not support the defendants' contention that the plaintiffs knew of the role of Allstate subsidiaries in issuing relevant policies, but made a strategic decision not to name those entities as defendants. Rather, I conclude that the plaintiffs made a mistake, as that term is used in C.R.C.P. 15(c), about the identity of the Allstate subsidiaries and affiliates who issued insurance policies relevant to the plaintiffs' claims.

**B. The newly named defendants knew or should have known that, but for a mistake concerning their identity as a proper party, the action would have been brought against them.** The plaintiff's original complaint [#1-7], filed July 29, 2004, contains class action allegations that describe a proposed plaintiff class consisting of insureds who had or have homeowners' insurance policies with Allstate that provide a contractual duty to pay for mold remediation. *Complaint* [#1-7], ¶¶ 38 - 39. During discovery, the plaintiffs sought information about Allstate related entities that issued such policies in various states. Again, the record indicates that the Allstate subsidiaries and affiliates that the plaintiffs have named as new defendants in the SAC are wholly owned and controlled by Allstate Corporation or Allstate Insurance Company.

Allstate Corporation and Allstate Insurance Company both had knowledge of the nature of the plaintiffs' claims, the scope of the nationwide class of plaintiffs proposed by the plaintiffs', and the plaintiffs' efforts to obtain information about Allstate related entities that issued relevant policies. Given the coincidence of interest between Allstate Corporation, Allstate Insurance Company, and the newly named defendants, I conclude that the newly named subsidiaries and affiliates knew of the nature of the plaintiffs' claims shortly after the plaintiffs initially filed this case. Further I conclude that the

9

newly named Allstate subsidiaries and affiliates knew that they had issued insurance policies of the type that is the subject of the plaintiffs' claims. Under the circumstances of this case, I conclude that the Allstate subsidiaries and affiliates that now have been named as defendants knew or should have known that, absent a mistake by the plaintiffs about what Allstate-related entities were issuing such policies in certain states, some of the plaintiffs' claims would have been brought against them.

I have considered carefully the claim by Allstate Corporation and Allstate Insurance Company that they reasonably perceived that the plaintiffs had made a strategic decision to name only two defendants and to ignore the role of the various subsidiaries and affiliates in issuing relevant policies. Given the difficulty faced by the plaintiffs in obtaining information about the role of Allstate subsidiaries and affiliates in issuing relevant policies, I cannot conclude that this perception of a strategic decision by the plaintiffs was reasonable or that, even if such a perception existed, that the newly named defendants were not aware that the plaintiffs' claims would be brought against them also if the plaintiffs were aware of all of the relevant facts.

**C. The newly named defendants received such notice of the institution of the plaintiffs' case that they will not be prejudiced in maintaining their defense on the merits.** The defendants do not argue that they will be prejudiced in maintaining their defense on the merits because they did not receive timely and adequate notice of the plaintiffs' case. Notwithstanding, I address briefly these requirements of C.R.C.P. 15(c). I reiterate that the newly named defendants are owned and controlled by the original defendants and, thus, I conclude inferentially that the newly named defendants received notice of the plaintiffs' claims when the original defendants received such notice. Further, there is no indication that the newly named defendants will be

prejudiced in maintaining their defense on the merits even though they were not named as defendants until the plaintiffs filed their SAC.

## V.  CONCLUSION & ORDERS

Having concluded that the plaintiffs' claims against the newly added defendants relate back to the filing of the original complaint, I conclude ultimately that removal of this case is not proper under 28 U.S.C. §§ 1441(a), 1453, 1446, and 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Plaintiffs' Motion to Remand** [#48], filed September 17, 2007, is **GRANTED**; and

2.  That this case is **REMANDED** to the District Court of El Paso County, Colorado [filed there under Case No. 04CV2628].

Dated July 25, 2006, at Denver, Colorado.

                                        **BY THE COURT:**

                                        **s/ Robert E. Blackburn**
                                        **Robert E. Blackburn**
                                        **United States District Judge**